UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON BROWN,

                    Petitioner,

-vs-                                                    Case No.  8:05-cv-2015-T-24TGW

STATE OF FLORIDA, HILLSBOROUGH
COUNTY JAIL, DISTRICT ATTORNEY,

                    Respondents.
_____

## ORDER

    This cause is before the Court on Petitioner Shannon Brown's petition for writ of

habeas corpus.  Brown is incarcerated in the Falkenburg Road Jail, Hillsborough County,

Florida, awaiting trial.  Brown alleges that this Court has jurisdiction pursuant to "Title 28

United States Code/ 2254 and 2255."

    Brown contends:

    (2) The Petitioner was involuntarily placed in the Hillsborough County Jail by
    order of the State of Florida.

    (3) Petitioner is being held involuntarily by Hillsborough County Jail.

    (4) Petitioner believe that he is being deprived of his freedom by invalid and
    illegal jurisdiction.

    (5) I, Shannon:Brown, a living breathing full liability man petitioner, believe
    that his confinement is illegal because:

    (A) The United States, et al., state of Florida, Hillsborough County Jail, as a
    corporation lacks in personam and subject matter jurisdiction;

    (B) On or about the 11th of October 2005 the sovereign man Shannon:Brown
    has already filed a state habeas corpus, and affidavit of denial of corporation

existence giving the state of Florida five (5) days to respond to the affidavit saying the strawman, Shannon Brown, the state of Florida, Hillsborough County Jail, and etc. exist;

(C) Petitioner mailed the affidavit of denial of corporation existence to aforementioned corporation(s) which failed to respond in rebuttal to the affidavit of denial of corporation existence, therefore the state of Florida is in default;

(D) The truth is expressed by means of affidavit and an unrebutted standard as truth;

(E) The United States and the state of Florida, as a legal corporate fiction, has not [sic] legal capacity to charge the petitioner, or detain him as a sovereign political power holder, for this fact of reason you must release.

Brown seeks to have this Court enter an order authorizing his release from the Hillsborough County Jail, or issue a writ of habeas corpus commanding the state of Florida, the administrator of the Hillsborough County Jail, and the United States to relinquish any supposed jurisdiction.  He also seeks to have this Court issue a writ commanding the Hillsborough County Jail to "produce the body of your petitioner and proof of in personam and subject matter jurisdiction over the Petitioner to this honorable Court for a hearing" on the present writ.

The Court notes that Brown has provided six case numbers under which he is being held for trial.

DISCUSSION

Pursuant to Rule 4, Rules Governing Habeas Corpus Cases under 2254[1] reads, in part:

---

[1] Nothing in the filing indicates that Brown has a 28 U.S.C. § 2255 cause of action as a federal prisoner.

-2-

The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

After examining the present petition, the Court finds that "from the petition" Brown raises no valid grounds for consideration under 28 U.S.C. § 2254.

Accordingly, the Court orders:

That Brown's petition is dismissed.  The Clerk is directed to enter judgment against Brown and to close this case.

ORDERED in Tampa, Florida, on November 2, 2005.

SUSAN C. BUCKLEW
United States District Judge

Shannon Brown